## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

KELLOGG BROWN & ROOT, INC.
4100 Clinton Drive
Houston, Texas 77020,

       Plaintiff

vs.

UNITED STATES DEPARTMENT OF
DEFENSE,

**Serve:**

       Gary Nails, Civil Process Clerk
       Office of the United States Attorney for the
       District of Columbia
       555 Fourth Street, NW
       Washington, DC 20530

       and

       Eric Holder
       Attorney General of the United States
       950 Pennsylvania Ave., NW
       Washington, DC 20530,

       Defendant.

Case No. _____

## COMPLAINT FOR INJUNCTIVE RELIEF
### (Freedom of Information Act)

For its complaint against the United States Department of Defense ("DoD"), Plaintiff

Kellogg Brown & Root, Inc. ("KBR") alleges as follows:

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, to enjoin DoD from improperly withholding agency records and to order the production of

all improperly withheld agency records.

2.      The records in question relate to civilian personnel security in the Iraq theatre, and to the planning and administration of the "LOGCAP III" program, and are responsive to FOIA requests that KBR submitted to various points of contact within the DoD, including within the United States Army.

### Parties

3.      Plaintiff KBR is incorporated under the laws of the State of Delaware and maintains its principal place of business at 4100 Clinton Drive, Houston, Texas  77020.

4.      Defendant DoD is an agency of the United States of America under 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 551(1).

### Jurisdiction & Venue

5.      This Court has jurisdiction over this claim pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

6.      KBR has exhausted its administrative remedies.

7.      Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B).

**A.      DECEMBER 5, 2008 FOIA REQUEST**

8.      On December 5, 2008, KBR submitted a FOIA request ("the December 2008 Request") to offices within the DoD seeking agency records related to the planning and administration of the LOGCAP III program.  A true and correct copy of the December 2008 Request is attached as Exhibit 1.  On or about December 5, 2008, KBR sent the December 2008 Request to the addressees listed on Exhibit 1.

**1.      U.S. Army Materiel Command**

9.      On December 15, 2008, the U.S. Army Materiel Command ("Materiel Command") received the December 2008 Request.

10.     On December 17, 2008, the Materiel Command informed KBR via email that the December 2008 Request was forwarded to the U.S. Army Sustainment Command, a subordinate command of the Material Command.

11.     On December 23, 2008, KBR informed Materiel Command via email and letter that KBR considered the December 2008 Request to include records within the control of the Materiel Command and, therefore, forwarding the request to another officer may be improper.

12.     On December 30, 2008, Materiel Command reiterated its insistence that the December 2008 Request was properly forwarded to the U.S. Army Sustainment Command.

13.     The Materiel Command has not made a determination on the December 2008 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## 2.     United States Central Command

14.     On December 19, 2008, the U.S. Central Command ("CENTCOM") received the December 2008 Request.

15.     To date, KBR has received no response from CENTCOM regarding the December 2008 Request.

16.     CENTCOM has not made a determination on the December 2008 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

## 3.     Joint Contracting Command Iraq/Afghanistan

17.     On December 16, 2008, the Joint Contracting Command - Iraq/Afghanistan ("JCC-IA") received the December 2008 Request.

18.     To date, KBR has received no response from JCC-IA regarding the December 2008 Request.

19.     JCC-IA has not made a determination on the December 2008 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**B.     JANUARY 5, 2009 FOIA REQUEST**

20.     On January 6, 2009, KBR submitted a FOIA request ("the January 2009

Request") to offices within DoD seeking agency records related to civilian personnel security in

the Iraq theatre.  A true and correct copy of the January 2009 Request is attached as Exhibit 2.

On or about January 6, 2009, KBR sent the January 2009 Request to the addressees listed on

Exhibit 2.

### 1.     Army Chief of Staff's Office

21.     By letter dated January 29, 2009, the U.S. Army FOIA Office forwarded the

January 2009 Request to the Army Chief of Staff's Office for a response to KBR.

22.     To date, KBR has received no response from the Army Chief of Staff's Office.

23.     The Army Chief of Staff's Office has not made a determination on the January

2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

### 2.     Assistant Secretary of the Army for Acquisition, Logistics, and Technology

24.     On January 8, 2009 the Assistant Secretary of the Army for Acquisition,

Logistics, and Technology received the January 2009 Request.

25.     To date, KBR has received no response from the Assistant Secretary of the Army

for Acquisition, Logistics, and Technology regarding the January 2009 Request.

26.     The Assistant Secretary of the Army for Acquisition, Logistics, and Technology

has not made a determination on the January 2009 Request within the time limits prescribed by

FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

### 3.     U.S. Army Legal Services Agency

27.     On January 9, 2009, the U.S. Army Legal Services Agency received the January

2009 Request.

28.     On February 6, 2009, KBR received a letter from the U.S. Army Legal Services Agency, dated February 6, 2009, which states that responsive records have been located but that these records are owned by Sustainment Command and the U.S. Central Command.  The letter further states that the January 2009 Request is being forwarded to Sustainment Command and the U.S. Central Command.

29.     The Army Legal Services Agency has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**4.     DoD FOIA Office**

30.     On January 16, 2009, the DoD FOIA Office received the January 2009 Request.

31.     On January 22, 2009, a FOIA Officer from the DoD FOIA Office contacted KBR's counsel via telephone and informed KBR counsel that the DoD FOIA Office would be responding to the January 2009 Request on behalf of the Director of Defense Procurement and Acquisition and all DoD Under Secretaries who received the January 2009 Request.

32.     To date, KBR has received no further response from the DoD FOIA Office.

33.     The DoD FOIA office has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

**5.     Under Secretary of Defense for Intelligence**

34.     On January 15, 2009, the Under Secretary of Defense for Intelligence received the January 2009 Request.

35.     To date, KBR has received no response from the Under Secretary of Defense for Intelligence.

36.     The Under Secretary of Defense for Intelligence has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

6.      **Under Secretary of Defense for Acquisition, Technology, & Logistics**

37.      On January 12, 2009, the Under Secretary of Defense for Acquisition, Technology, & Logistics received the January 2009 Request.

38.      To date, KBR has received no response from the Under Secretary of Defense for Acquisition, Technology, & Logistics.

39.      The Under Secretary of Defense for Acquisition, Technology, & Logistics has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

7.      **Under Secretary of Defense for Policy**

40.      On January 12, 2009, the Under Secretary of Defense for Policy received the January 2009 Request.

41.      To date, KBR has received no response from the Under Secretary of Defense for Policy.

42.      The Under Secretary of Defense for Policy has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

8.      **Under Secretary of Defense for Personnel and Readiness**

43.      On January 12, 2009, the Under Secretary of Defense for Personnel and Readiness received the January 2009 Request.

44.      To date, KBR has received no response from the Under Secretary of Defense for Personnel and Readiness.

45.      The Under Secretary of Defense for Personnel and Readiness has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

9.    **Director, Defense Procurement and Acquisition**

46.    On January 12, 2009, the Director, Defense Procurement and Acquisition received the January 2009 Request.

47.    To date, KBR has received no response from the Director, Defense Procurement and Acquisition.

48.    The Director, Defense Procurement and Acquisition has not made a determination on the January 2009 Request within the time limits prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

10.    **U. S. Central Command**

49.    On January 9, 2009 the U.S. Central Command ("CENTCOM") received the January 2009 Request.

50.    On January 9, 2009, Staff Sergeant Opimiller from the CENTCOM FOIA Office telephoned KBR's counsel and informed counsel that CENTCOM had no records responsive to the January 2009 Request.

51.    On January 12, 2009, KBR received an email from CENTCOM stating that CENTCOM had no records responsive to the January 2009 Request.

52.    However, by letter dated February 6, 2009, the Army Legal Services Agency informed KBR that it has records responsive to the January 2009 Request, but that those records are "owned by" CENTCOM and that the Army Legal Services Agency would forward the January 2009 Request to CENTCOM.

53.    To date, KBR has received no further response from CENTCOM regarding the January 2009 Request and CENTCOM has provided no records.

54.    CENTCOM has not made a determination on the Army Legal Services Agency's referral of the January 2009 Request as required by FOIA.

11.   **Defense Contracting Management Agency ("DCMA")**

55.   On January 13, 2009, the DCMA received the January 2009 Request.

56.   DCMA did not make a determination on the January 2009 Request as required by FOIA.

57.   On February 12, 2009, KBR received a letter from DCMA, dated February 9, 2009, informing KBR that DCMA could not process the January 2009 Request as prescribed by FOIA.

58.   On May 27, 2009, DCMA informed KBR by email that the January 2009 Request would be closed because KBR had not responded to DCMA's February 9, 2009 letter.

59.   On June 2, 2009, counsel for KBR telephoned the DCMA FOIA officer and left a voicemail stating that KBR did not intend to narrow the scope of the January 2009 Request and asked DCMA to process the January 2009 Request as submitted.

60.   On June 18, 2009, DCMA informed KBR by email that the January 2009 Request had been closed because KBR did not narrow the scope of the January 2009 Request and allegedly failed to respond to DCMA's May 27 email (as noted above, KBR had, in fact, responded to the May 27 email).

61.   The June 18 email failed to advise KBR of any further administrative remedies.

12.   **Special Inspector General for Iraq Reconstruction ("SIGIR")/DoD Inspector General**

62.   The January 2009 Request was submitted to SIGIR.  On January 15, 2009, KBR received a letter from the DoD Inspector General stating that the January 2009 Request had been received on January 12, 2009 and could not be processed within the 20 day time period prescribed by FOIA, 5 U.S.C. § 552(a)(6)(A)(i).

63.     On September 14, 2009, KBR received a final determination letter from the DoD

Inspector General stating that responsive records were being withheld pursuant to various FOIA

exemptions.

64.     On November 9, 2009, KBR timely filed an administrative appeal challenging the

DoD Inspector General's improper withholding of responsive records.

65.     KBR has received no response from the DoD Inspector General regarding the

November 9, 2009 administrative appeal.

66.     SIGIR and the DoD Inspector General have not rendered a decision on the

November 9, 2009 administrative appeal within the time limits prescribed by FOIA, 5 U.S.C.

§ 552(a)(6)(A)(ii), and KBR has exhausted its administrative remedies.

### COUNT I - FAILURE TO COMPLY WITH FOIA

67.     KBR incorporates each of the foregoing paragraphs of this Complaint.

68.     Pursuant to FOIA, 5 U.S.C. § 552(a), KBR has a statutory right to access

requested agency records.

69.     The DoD, by and through its components, has failed to comply with the time

limits prescribed by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i)-(ii).

70.     The DoD has improperly withheld agency records responsive to KBR's FOIA

requests.

71.     The DoD has failed to conduct a reasonable search for records responsive to the

requests.

72.     The DoD has failed to properly respond to KBR's requests.

## **PRAYER FOR RELIEF**

WHEREFORE, KBR respectfully requests that this Court enter a judgment for KBR and award the following relief:

a.  Enjoin DoD from withholding the requested records and order DoD to produce said records to KBR in accordance with FOIA, 5 U.S.C. § 552;

b.  Expedite the proceedings in this action;

c.  Award KBR its costs and attorney's fees reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

d.  Grant KBR such other and further relief as the Court may deem just and proper.

March 12, 2010

Respectfully submitted,

Daniel E. Johnson (D.C. Bar No. 375692)
McKENNA LONG & ALDRIDGE LLP
1900 K Street NW
Washington, DC 20006-1108
(202) 496-7500
djohnson@mckennalong.com

ATTORNEYS FOR PLAINTIFF

DC:50658555.1